# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| JEFFREY MARTIN HEMSATH, <br><br> Petitioner, <br><br> vs. <br><br> TONY THOMPSON, <br><br> Respondent. | No. C10-2061-LRR <br><br> INITIAL REVIEW ORDER |

This matter is before the court on the petitioner's application for a writ of habeas corpus. The petitioner filed such application on October 14, 2010. The petitioner paid the statutory filing fee. *See* 28 U.S.C. § 1914.

Rule 4 of the Rules Governing Section 2254 Cases provides that the court shall conduct an initial review of the application for habeas corpus and summarily dismiss it, order a response, or "take such action as the judge deems appropriate." *See* Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application without ordering a response if it plainly appears from the face of the application and its exhibits that the petitioner is not entitled to relief. *See id.*; 28 U.S.C. § 2243; *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). For the reasons set forth below, summary dismissal is appropriate in this case.

Concerning the application for a writ of habeas corpus, the petitioner makes clear that he is attacking his serous misdemeanor conviction for possession of a controlled substance, in violation of Iowa Code section 124.401(5), the ninety day sentence originally imposed and the forty-five day sentence that the Iowa District Court for Black Hawk County imposed after a probation revocation hearing on August 27, 2010. *See State v.*

*Hemsath*, No. SRCR146359 (Black Hawk County Dist. Ct. 2008).[1] Specifically, the petitioner claims that he is being held in violation of the Fourth, Sixth and Fourteenth Amendments to the Constitution. The petitioner contends that he is entitled to a judicial determination as to the credibility of the arresting/seizing officer's testimony. He believes that the Iowa District Court for Black Hawk County should determine whether the arresting/seizing officer could have reasonably believed that a danger existed which justified his pat down search for weapons.

> Under [*Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976)], "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." [*Id*. at 482]. [. . .] To show that [a petitioner] was not afforded an opportunity for full and fair litigation of his [or her] claim, [he or she] would have to show that the State "provided no corrective procedures at all to address the alleged Fourth Amendment violation" or that the State "provided a corrective mechanism, but [he or she] was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Willett v. Lockhart*, 37 F.3d 1265, 1271-72 (8th Cir. 1994) (en banc) (adopting test set forth in *Capellan v. Riley*, 975 F.2d 67, 71 (2d Cir. 1992)) (quotation marks omitted and emphasis removed); *see also Palmer v. Clarke*, 408 F.3d 423, 437 (8th Cir. 2005). [. . . A state provides a corrective mechanism for any error the trial court may have made in admitting the evidence by allowing a petitioner to appeal his or her conviction to the highest state court]. *See Palmer*, 408 F.3d at 437. [. . . A] mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable

---

[1] Iowa state court criminal and civil records may be accessed at the following address: http://www.iowacourts.gov/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

> breakdown in the state's corrective process." *Capellan*, 975 F.2d at 72. [The appropriate] inquiry focuses on whether [the petitioner] received an opportunity for full and fair litigation of his claim, not on whether legal or factual error in fact occurred. *See Willet*, 37 F.3d at 1270.

*Chaves v. Weber*, 497 F.3d 796, 801-02 (8th Cir. 2007). Here, the petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in the Iowa courts. The Iowa District Court for Black Hawk County denied the motion to suppress on procedural grounds, the Iowa Court of Appeals concluded that suppression of the evidence was not warranted and the Iowa Supreme Court denied further review. Because it is clear that *Stone v. Powell*, 428 U.S. 465, bars the petitioner's claim, the application for a writ of habeas corpus shall be dismissed summarily under Rule 4 of the Rules Governing Section 2254 Cases.

In a habeas proceeding before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may only issue if a petitioner has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*,

16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [petitioner must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the petitioner failed to make the requisite "substantial showing" with respect to the claim that he raised in his application pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because there is no debatable question as to the resolution of this case, an appeal is not warranted. Accordingly, the court shall not grant a certificate of appealability pursuant to 28 U.S.C. § 2253.

If the petitioner desires further review of his 28 U.S.C. § 2254 application, he may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The petitioner's application for a writ of habeas corpus (docket no. 2) is denied.

2)     A certificate of appealability is denied.

**DATED** this 22nd day of October, 2010.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA